## THE NEW YORK, LAKE ERIE AND WESTERN RAILWAY COMPANY v. WILLIE HARING, BY HIS NEXT FRIEND.

1. A corporation cannot defend itself, in an action for a tort done by it on the ground that the business in the prosecution of which the tort was done was *ultra vires*.

2. The plaintiff was injured by the mismanagement of a street horse car. The defendant contended that even if the jury found that it ran such horse cars that, as it had no franchise so to do, it could not be liable to the action. *Held*, such defence was untenable.

3. An agent of the railroad company ejected, with unnecessary violence, a passenger from the cars. *Held*, the company was liable for the hurts to the passenger done in the course of such ejection.

On error to the Supreme Court.

This case was tried at the September Term, 1884, of the Hudson Circuit Court, before Mr. Justice Knapp and a jury, and a verdict rendered for the plaintiff below, Haring, for the sum of $1000, and judgment being entered thereon, a writ of error was brought to this court.

For the plaintiff in error, *Cortlandt & R. W. Parker*.

For the defendant in error, *R. B. Seymour*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The injury for which this suit was brought was an alleged unauthorized ejection from a horse railroad car that was running at the time on the road

of a corporation known as the Pavonia Horse Railroad. There was evidence tending to show that, at the time in question, the plaintiff in error was using this road and running the cars over it in charge of its own agents, and was receiving the profits arising from the business; and it was properly left to the jury to find whether such usufruct of such road existed. Nevertheless, the counsel of the defendant below insisted and asked the judge to charge the jury to find against the action even though they should be of opinion that his client was thus engaged in the specified business. The ground assigned was that the plaintiff in error could not legally undertake the employment in question, not having been vested with the requisite franchise, and that consequently it was not, in its corporate capacity, liable for any of the consequences of such employment.

But the doctrine of *ultra vires* does not apply to torts of this nature. It would indeed be an anomalous result in legal science if a corporation should be permitted to set up that inasmuch as a branch of the business prosecuted by it was wrongful, therefore all the special wrongs done to individuals in the course of it were remediless. But in such situations corporate bodies, like individuals, cannot take advantage of their own wrong by way of defence. If corporations are not to be held responsible for injuries to persons done in the transaction of a series of wrongful acts, such an immunity would have a wide scope. All wrongs done by such bodies are, in a sense, *ultra vires*, and if the want of a franchise to do the tortious act be a defence, then corporations have a dispensation from liability for these acts peculiar to themselves.

There does not appear to have been much discussion of this subject, but a case decided by the Supreme Court of Tennessee is directly on the point. The precedent referred to is reported in 53 *Tenn.*, *p.* 634, and is entitled *Hutchinson* v. *Western and Atlantic R. R. Co.* It was an action against a corporation for damages occasioned by the negligence of its employees. It appeared that the railroad company was, without authority running a line of steamers, and the plaintiff had

been hurt by the mismanagement of one of them. The defence of *ultra vires* was interposed in that case, as in the present, but it was rejected on the ground that such doctrine had no application to torts of that character.

This exception cannot prevail.

The second ground urged for a reversal of this judgment was the exclusion of the defendant's offer to make proof of what an absent witness had testified to at a previous trial of this cause. The right to put in this secondary evidence was claimed for the reason that the witness in question was out of the state and, although requested, had refused to attend the trial.

This offer was, in my opinion, properly rejected. Mere absence from the jurisdiction, coupled with a refusal to attend as a witness, has never, in the practice of our courts, been held to authorize the introduction of the testimony of the witness previously taken. If it had been shown that this witness had left this state, and, upon diligent inquiry, his whereabouts could not be discovered, then a ground would have been laid for the course proffered. The substitution of the former testimony for the re-examination obtains only from the practical necessity of the occasion. But no such necessity exists when the residence of the witness is known and he is in the United States, and his testimony can be taken by a commission.

From the examination of this subject in the case of *Berney* v. *Mitchell*, 5 *Vroom* 337, it is manifest that the practice in the different states in this particular is not uniform, but, as has been already stated, the rule must be considered settled in this state by inveterate usage.

So, I think, no fault can be found with the charge of the judge in that part of it which defined the extent to which the railroad company was liable for the act of its agent in the expulsion of the plaintiff. It was, in substance, that if the driver of the horse car, being the agent of the railroad company, and having the right to expel the plaintiff on account of his intention to ride without paying his fare, transacted the expulsion so rudely and violently as to cause the injury com-

plained of, "Then," the judge said, "I think you may say that it is a part of the act of removal, and the driver, or the company whose agent he was, would be liable." This instruction plainly limited the responsibility of the railroad company to the results of the acts of its agent in its business.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, COLE, PATERSON.   11.

*For reversal*—None.